UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM EDWARD PERRY, JR.,

    Plaintiff,

v.                                    Case No. 3:17cv856-LC-CJK

ESCAMBIA COUNTY JUDICIAL
SYSTEM, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on plaintiff's civil rights complaint. (Doc. 1). The complaint was referred to the undersigned for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that this case be dismissed.

## BACKGROUND

    Plaintiff is currently confined at the Escambia County Jail. The complaint names 4 defendants: the "Escambia County Judicial system"; the "District Attorney's Office"; Mark Alderman, the supervisor of the State Attorney's Office; and Fredrick Longmier, an Assistant State Attorney. The complaint sets forth the factual allegations that follow.

On May 10, 2016, plaintiff was arrested and charged with robbery and grand theft. He claims he filed a demand for a speedy trial but it was not docketed correctly. Plaintiff complains prosecutors treated him as a prison release reoffender and habitual felony offender. After plaintiff decided to proceed *pro se*, Judge Bergosh refused to rule on the motions plaintiff filed and refused to dismiss the prosecution based on plaintiff's demand for a speedy trial. During the trial, Bergosh prohibited plaintiff from mentioning his mental condition or lack of medication. Plaintiff was convicted of robbery. He is scheduled for sentencing on January 25, 2018.[*]

Based on the foregoing, plaintiff alleges defendants violated the Sixth, Seventh, Eighth, and Fourteenth Amendments. As relief, he asks that the court "enforce the rules of criminal procedure that Judge Bergosh failed to honor and dismiss [plaintiff's] robbery charge on which he was railroaded."

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[*] *See* Case No. 2016 CF 002415, Escambia County Clerk of Court's website, http://74.174.28.52/BMWebLatest/Home.aspx/Search (last visited Jan. 3, 2018).

Case No. 3:17cv856-LC-CJK

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In applying the standard, the court accepts all <u>well-pleaded</u> factual allegations in the complaint as true and evaluates all <u>reasonable</u> inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

Plaintiff cannot state a viable claim for relief. Civil rights actions brought pursuant to § 1983 cannot be used to challenge the validity of criminal convictions. In *Preiser*, the Supreme Court "held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (*citing Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Here, plaintiff explicitly requests that the court dismiss his robbery conviction. Because such relief is not cognizable in a § 1983 suit, this case should be dismissed.

In addition, the Supreme Court in *Younger* "held that federal courts should abstain from suits aimed at restraining pending state criminal prosecutions." *For Your Eyes Alone, Inc. v. City of Columbus, Ga.*, 281 F.3d 1209, 1216 (11th Cir. 2002) (*citing Younger v. Harris*, 401 U.S. 37, 41 (1971)). Although plaintiff has been convicted of robbery, he has not been sentenced. Thus, this case would interfere with ongoing state criminal proceedings, which *Younger* prohibits.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 5th day of January, 2018.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:17cv856-LC-CJK